# EXHIBIT A

*220pm 1/30/18*

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

**DEC 14 2017**

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EMA HONARCHIAN, an Individual; GEORGE HONARCHIAN, an Individual,

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below. <br><br> You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. <br><br> There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. <br> *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.* <br><br> *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.* <br><br> *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.* |

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court - County of Los Angeles
Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* **BC 686899**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Briggs & Alexander, APLC, 2390 E. Orangewood, Suite 530, Anaheim, CA 92806. Tel. 714-520-9250

DATE:
*(Fecha)* **DEC 14 2017**

Clerk, by *(Secretario)* **SHAUNYA BOLDEN**, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*: *Hartford Casualty Ins Co*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*: *1-30-18*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | JEFFREY WEBER, SBN 283570
*jeff@briggsandalexander.com*
2 | LEV ZARTARIAN, SBN 284617
*lev@briggsandalexander.com*
3 | BRIGGS & ALEXANDER, APC
2390 E. Orangewood Avenue, Suite 530
4 | Anaheim, CA 92806
Tel. (714) 520-9250
5 | Fax (714) 520-9248

6 | Attorneys for Plaintiff
EMA HONARCHIAN and
7 | GEORGE HONARCHIAN

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 14 2017

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

8 |
9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

11 |

**BC 6 8 6 8 9 9**

12 | EMA HONARCHIAN, an Individual; GEORGE
HONARCHIAN, an Individual,
13 |
Plaintiff,
14 |
v.
15 |
HARTFORD CASUALTY INSURANCE
16 | COMPANY, an Indiana corporation; and DOES
1 through 10, inclusive,
17 |
Defendants
18 |
19 |

Case No.: _____

COMPLAINT FOR:

1. BREACH OF CONTRACT
2. BAD FAITH

DEMAND FOR JURY TRIAL
UNLIMITED CIVIL FILING

By Fax

20 |

21 | Plaintiffs EMA HONARCHIAN and GEORGE HONARCHIAN (herein after referred to as

22 | "Plaintiffs" or "Insured") allege for each cause of action against Defendant HARTFORD

23 | CASUALTY INSURANCE COMPANY, ("Defendant" or "Insurer") with knowledge as to

24. | themselves and otherwise on information and belief, alleges as follows:

25 | PARTIES

26 | 1. Plaintiff EMA HONARCHIAN is an individual with her residence in Los Angeles

27 | County California.

28 |

_BRIGGS ALEXANDER A PROFESSIONAL LAW CORPORATION_

1

HONARCHIAN v. THE HARTFORD INSURANCE GROUP ET AL: COMPLAINT

2.    Plaintiff GEORGE HONARCHIAN is an individual with his residence in Los Angeles County California.

3.    Plaintiff is informed and believes that Defendant HARTFORD CASUALTY INSURANCE COMPANY is Indiana corporation registered to conduct business in California with entity no. C3677054.

4.    Plaintiff is unaware of the true names, identities, or capacities of Defendants DOES 1 through 10, or any of them, and for this reason said defendants are sued herein by such fictitious names. When Plaintiff ascertains the true names, identities, and capacities of Defendants DOES 1 through 10, or any of them, Plaintiff will amend this Complaint to allege the same. Plaintiff is informed and believes, and thereon alleges that each such fictitiously named Defendant is responsible in some manner for the acts, occurrences, happenings, and/or omissions herein after alleged.

5.    Plaintiff is informed and believe, and upon such information and belief alleges, that Defendants and DOES 1 through 10, and each of them, were acting as agents, servants, employees, successors, predecessors, associates, partners, joint ventures, representatives and/or in some capacity, however termed and/or described, of each other and were acting within the course and scope of each of the other Defendants and DOES 1 through 10, and with full knowledge and consent, such that the Defendants are jointly and severally liable to Plaintiffs.

6.    Plaintiff alleges, upon information and belief, that pursuant to Code of Civil Procedure Section 395(a) venue is properly laid in the County of Los Angeles, in which Defendants became obligated to Plaintiff under certain agreements and conduct.

## GENERAL ALLEGATIONS

6.    Plaintiffs own and reside at the real property located at 1021 Highland Avenue, Glendale, California (hereinafter the "Subject Property").

7.    Plaintiffs maintained and Hartford issued a home owners insurance policy, with policy number 72 RBA906911 (hereinafter the "Policy") insuring the Subject Property with regard to certain loss and/or damage.

2

HONARCHIAN v. THE HARTFORD INSURANCE GROUP ET AL: COMPLAINT

8. Under the terms of the Policy, Hartford agreed to defend and indemnify Plaintiff for loss, harm, or liability for damages on account of a covered peril to the Plaintiffs' dwelling located at 1021 Highland Avenue, Glendale, California.

9. On December 14, 2015 Plaintiffs suffered a loss at the Subject Property. Specifically, on that evening Plaintiffs placed into the fireplace at the Subject Property a self-igniting log and lit it for use as directed. At some point while the log was burning, a sudden and accidental combustion occurred resulting in a collapse of the chimney at the Subject Property as well as damage to the fireplace and other related areas (herein after referred to as "the Loss").

10. Plaintiffs' timely tendered a claim to Hartford for coverage under the Policy. The Policy was in full force and effect at the time of the loss.

11. On January 28, 2016, Hartford inspected the Subject Property and the damages suffered by Plaintiffs. Present at the inspect was a Hartford representative and Hartford's cause and origin investigator. It was determined after inspection of the fireplace and chimney and an interview with Plaintiffs that the loss was most likely caused by a flare-up in the fire log. The determination was made by Hartford's own representatives.

12. All damages caused by the sudden flare-up/explosion of the fire log are covered by the Policy.

13. Hartford's agent represented that a follow up inspection would be required to determine the extent of the damage and estimate for repairs. Instead of sending an expert to determine an estimate for repairs, Hartford sent another cause and origin investigator to the Subject Property. This second cause and origin investigator determined that the loss was the result of "decay" of the fire brick mortar.

14. Hartford intended to use the findings that the loss was caused by decay to avoid coverage under the Policy. Although Plaintiffs' dispute Hartford's determination regarding the cause of the loss, even if Hartford was regarding the cause of the Loss, the Policy would still cover the loss subject to the Additional Coverages Collapse provision.

15. Therefore, based on either theory of cause the Loss is covered by the Policy.

16.     On approximately December 15, 2016 Hartford issued an unequivocal denial of the Loss.

17.     As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered and continue to suffer general, incidental, and consequential damages. The amount of Plaintiffs' damages will be proven at trial, but will be an amount exceeding the jurisdictional minimum of this court.

18.     Defendants' wrongful conduct was intended to cause injury to Plaintiffs and was despicable conduct carried out with a willful and conscious disregard of Plaintiffs' rights. Defendants conduct and practices subjected Plaintiffs to cruel and unjust hardship, was done with reckless disregard, and also constituted an intentional misrepresentation and concealment of material facts known to Defendants, all with the intent to deprive Plaintiffs of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression and/or fraud under Civil Code section 3294. Plaintiffs are therefore entitled to recover punitive damages in an amount sufficient to punish or set an example of Defendants to prevent such conduct by others.

## FIRST CAUSE OF ACTION

### Breach of Written Contract

### (Against All Defendants)

19.     Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

20.     Pursuant to the Policy issued by the Defendants, Defendants were to defend and indemnify Plaintiff against the Loss.

21.     Plaintiffs have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the Policy.

22.     Defendants breached the Policy by failing to defend and indemnify Plaintiffs and by those additional and prejudicial acts as alleged in this Complaint.

23.     As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered harm in excess of the jurisdictional limit of this Court, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Bad Faith

4

BRIGGS ALEXANDER
A PROFESSIONAL LAW CORPORATION

(Against all Defendants)

24.    Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

25.    Pursuant to the Policy issued by Defendants, Defendants were to defend and indemnify Plaintiffs against the Loss.

26.    Plaintiffs have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the Policy.

27.    Defendants breached the Policy by failing to defend and indemnify Plaintiffs and by those additional and prejudicial acts as alleged in this Complaint.

28.    Defendants' failure and refusal to defend and indemnify Plaintiffs against the Loss was and is without cause and was in bad faith, in that Defendants knew it had no good cause for its failure and refusal to defend and indemnify Plaintiffs.

29.    As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered harm as alleged herein.

30.    Defendants' wrongful conduct was intended to cause injury to Plaintiffs and was despicable conduct carried out with a willful and conscious disregard of Plaintiffs' rights. Defendants' conduct and practices subjected Plaintiffs to cruel and unjust hardship, was done with reckless disregard, and also constituted an intentional misrepresentation and concealment of material facts known to Defendants, all with the intent to deprive Plaintiffs of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression and/or fraud under Civil Code section 3294. Plaintiff is therefore entitled to recover punitive damages in an amount sufficient to punish or set an example of Defendants to prevent such conduct by others.

## RESERVATION OF RIGHT TO AMEND

12.    Plaintiffs, on information and belief, alleges that they may have additional causes of action against Defendants. On this basis, Plaintiffs hereby reserves the right to amend this Complaint to assert additional causes of action as appropriate.

## JURY DEMAND

13.    Plaintiffs reserves their right to, and hereby does request, a trial by jury on all matters so triable.

5

BRIGGS ALEXANDER
A PROFESSIONAL LAW CORPORATION

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

**First and Second Causes of Action:**

1.    For general, incidental, and consequential damages in an amount exceeding the unlimited jurisdictional limits of this Court, such amount to be subject to proof at the time of trial;

2.    For attorneys fees, costs and expert fees Plaintiffs have incurred to enforce their rights as provided by law, such amount to be subject to proof; and

3.    For prejudgment interest at the legal rate.

**Second Cause of Action**

4.    Punitive damages in an amount sufficient to punish the Defendants and/or to deter further malicious, fraudulent and oppressive conduct.

**For All Causes of Action:**

5.  For costs of suit herein incurred; and

6.  For such other relief as the Court deems just and proper.

Respectfully submitted,

DATED: December 14, 2017

Law Office of Briggs & Alexander, APC

By: _____
Jeffrey Weber, Esq.
Lev Zartarian, Esq.

BRIGGS ALEXANDER
A PROFESSIONAL LAW CORPORATION

6

HONARCHIAN v. THE HARTFORD INSURANCE GROUP ET AL: COMPLAINT